### BLAIR & HUGHES CO. v. BRANSFORD.

### In re L. B. GILL & CO.

(Circuit Court of Appeals, Fifth Circuit. November 10, 1922. Rehearing Denied December 11, 1922.)

#### No. 3951.

Bankruptcy ⬤➙340—Evidence held to support finding of preference.

Where the evidence before the court when it disallowed a claim, except on surrender of a payment received within four months, was sufficient to support a finding that the payment constituted a voidable preference, whether or not the findings of the referee established every element of a preference is immaterial.

Appeal from the District Court of the United States for the Northern District of Texas; W. L. Estes, Judge.

In the matter of L. B. Gill & Co. and others, bankrupts; F. M. Bransford, trustee. The Blair & Hughes Company appeals from an order of the District Court. Affirmed.

A. B. Flanary, of Dallas, Tex., for appellant.
George W. Steere, of Fort Worth, Tex., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The appellant, which filed a claim against the estate of bankrupts, complains of the action of the court in excluding it from participation in the distribution of the assets of that estate upon its electing not to surrender the amount of a payment made to it within four months before the filing of the petition, which payment was found to be a voidable preference. There was evidence adduced to support a finding that the payment in question had all the elements required (Bankruptcy Act, § 60b [Comp. St. § 9644]), to make it a preference which was voidable by the trustee.

With reference to the contention that there was an absence of evidence to support a finding that when the payment was made the ap-

pellant had reasonable cause to believe that it would effect a preference, we think it is enough to say that that contention is not sustained by the record. The evidence adduced was before the court when the order complained of was made. As that evidence furnished support for the conclusion that the payment in question was a voidable preference, the validity of the action of the court in so treating it is not dependent upon the findings of the referee specifically showing the existence of all the elements required to make the payment a voidable preference.

The decree is affirmed.